Sara A. TRIDLE, a minor, by her Guardian ad Litem, John G. Shannon, Keith D. Tridle and Terry A. Tridle, Plaintiffs,

v.

Grace G. HORN, Defendant-Appellant,

MIDWEST SECURITY INSURANCE COMPANY, Defendant-Respondent.†

Court of Appeals

*No. 01–3372. Submitted on briefs June 20, 2002.—Decided July 31, 2002.*

2002 WI App 215

(Also reported in 652 N.W.2d 418.)

† Petition to review denied 10-21-02.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Thomas G. Kreul* of *Schober & Radtke, S.C.*, New Berlin.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Michael P. Maxwell* of *Mohr and Anderson, S.C.*, Hartford.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

¶ 1. ANDERSON, J. Grace G. Horn appeals from a judgment and an order of the trial court. The court

entered judgment against Horn in favor of Midwest Security Insurance Company (Midwest) in the amount of $123,789.25 representing judgment for Midwest's deposition costs as well as default judgment for damages sustained by Midwest's insured, Sara A. Tridle. The court also ordered that Horn's answer be stricken. We reverse the default judgment for damages and the order striking Horn's answer. We affirm only that part of the judgment representing Midwest's deposition costs. We do so because Midwest did not file a cross-claim against Horn, and therefore the trial court lacked competence to proceed against Horn in Midwest's favor by granting a default judgment and striking Horn's answer.

### Facts

¶ 2. The facts are undisputed. Horn was involved in an auto accident in which Sara A. Tridle, a minor, was injured. Sara and her parents filed suit against Horn and against Midwest claiming that an automobile insurance policy existed between Midwest and Keith D. Tridle (Sara's father) and that the policy contained uninsured motorist provisions as well as medical provisions promising to indemnify, in accordance with the terms of the policy, persons injured. Midwest answered the Tridles' complaint but did not file other pleadings. Subsequently, Horn failed to appear at a deposition scheduled by Midwest. Midwest moved for a sanction judgment against Horn.

¶ 3. In an interlocutory judgment, the trial court granted Midwest's motion awarding costs of the deposition and other damages to be determined in arbitration. The court also granted Midwest's request to strike Horn's answer to the Tridles' complaint. The case then went to arbitration resulting in a $145,000 award to the

Tridles minus 15% for Sara's negligence contribution. After arbitration, Midwest moved for judgment against Horn in the amount of $123,789.25. The trial court granted Midwest's motion despite the absence of any claim against Horn for indemnification or contribution. Horn moved to vacate the judgment as void. The trial court denied Horn's motion to vacate, holding that she had waited too long to "come in . . . and upturn this judgment." Horn appeals.

¶ 4. On appeal, Horn reasserts that the trial court's decision is a void judgment. She argues that the trial court lacked both subject matter jurisdiction and competence to enter judgment against her in the absence of a cross-complaint by Midwest. She claims that the judgment is void and that she is therefore entitled to relief from judgment under WIS. STAT. § 806.07(1)(d) (1999–2000).[1] In response, Midwest argues that the trial court had the jurisdiction and the authority to sanction Horn for failure to comply with a notice of deposition in violation of WIS. STAT. § 804.12(4).[2] Mid-

---

[1] WISCONSIN STAT. § 806.07(1)(d) states:

On motion and upon such terms as are just, the court, subject to subs. (2) and (3), may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

. . . .

The judgment is void . . . .

All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[2] WISCONSIN STAT. § 804.12(4) states:

FAILURE OF PARTY TO ATTEND AT OWN DEPOSITION OR SERVE ANSWERS TO INTERROGATORIES OR RESPOND TO REQUEST FOR INSPECTION OR SUPPLEMENT RESPONSES. If a party or an officer, director, or managing agent of a party or a person designated under s. 804.05(2)(e) or 804.06(1) to testify on behalf of a party fails (a) to appear before the officer who

west also argues that Horn's motion to vacate fails the statutory requirement of § 806.07 as untimely.[3]

## Standard of Review

¶ 5. This appeal calls for determination of a court's competency to proceed, a question of law that we review de novo. *State v. Bollig*, 222 Wis. 2d 558, 563, 587 N.W.2d 908 (Ct. App. 1998). It additionally presents an issue of statutory interpretation, also a question of

is to take the party's deposition, after being served with a proper notice, or (b) to serve answers or objections to interrogatories submitted under s. 804.08, after proper service of the interrogatories, or (c) to serve a written response to a request for inspection submitted under s. 804.09, after proper service of the request, or (d) seasonably to supplement or amend a response when obligated to do so under s. 804.01(5), the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others, it may take any action authorized under sub. (2)(a)1., 2. and 3. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising the party or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. The failure to act described in this subsection may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by s. 804.01(3).

[3] The subsection of Wis. Stat. § 806.07 that addresses timeliness states in pertinent part:

(2) The motion shall be made within a *reasonable time,* and, if based on sub. (1)(a) or (c), not more than one year after the judgment was entered or the order or stipulation was made. A motion based on sub. (1)(b) shall be made within the time provided in s. 805.16. A motion under this section does not affect the finality of a judgment or suspend its operation. This section does not limit the power of a court to entertain an independent action to relieve a party from judgment, order, or proceeding, or to set aside a judgment for fraud on the court. (Emphasis added.)

law reviewed de novo. *State v. Scott*, 191 Wis. 2d 146, 150, 528 N.W.2d 46 (Ct. App. 1995).

## Discussion

¶ 6. Generally, a circuit court acquires competency to proceed when a properly subscribed summons and complaint is filed with the court. *Ocasio v. Froedtert Mem'l Lutheran Hosp.*, 2001 WI App 264, ¶ 23, 248 Wis. 2d 932, 637 N.W.2d 459, *rev'd on other grounds,* 2002 WI 89, 254 Wis. 2d 367, 646 N.W.2d 381. WISCONSIN STAT. § 801.02(1) states in relevant part: "A civil action in which a personal judgment is sought is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court."

¶ 7. The terms "competence" and "jurisdiction" have been used inconsistently by courts and commentators across the country, *Ocasio*, 2001 WI App 264 at ¶ 1 n.2, and therefore merit clarification. "Subject matter jurisdiction" is the power of a court to hear and decide a particular case or controversy, *P.C. v. C.C.*, 161 Wis. 2d 277, 297, 468 N.W.2d 190 (1991), and it can never be waived, *State ex rel. Skinkis v. Treffert*, 90 Wis. 2d 528, 531, 280 N.W.2d 316 (Ct. App. 1979). No circuit court is without subject matter jurisdiction to entertain actions of any nature whatsoever. *Miller Brewing Co. v. LIRC*, 173 Wis. 2d 700, 705 n.1, 495 N.W.2d 660 (1993). In Wisconsin, a circuit court's jurisdiction is conferred by our state constitution and not by acts of legislature. *Id.*

¶ 8. Compare subject matter jurisdiction to a "loss of competence" which our supreme court has labeled

"the circuit court's inability to adjudicate the specific case before it – because of a failure to comply with a statutory requirement." *Id.* The RESTATEMENT (SECOND) OF CONFLICTS OF LAWS uses "competence" to refer to the powers given to courts by the state. RESTATEMENT (SECOND) OF CONFLICTS OF LAWS, vol. 1, ch. 3, introductory note, pp. 101–02 (1971). Because a state acts through both its constitution and statutes, "competence" in this sense would include both personal and subject matter jurisdiction. *Ocasio,* 2001 WI App 264 at ¶ 1 n.2. Thus, we define "competency to proceed" as the ability of a court to exercise its subject matter jurisdiction in regard to particular issues in specific cases. *Id.*

¶ 9. This case involves a loss of competency to proceed and not a question of subject matter jurisdiction. *See id.* However, this does not result in dissimilar consequences. *Id.* Further, as our supreme court has explained, "the critical focus is not . . . on the terminology used to describe the court's power to proceed in a particular case. The focus is on the effect of noncompliance with a statutory requirement on the circuit court's power to proceed." *Miller Brewing,* 173 Wis. 2d at 705 n.1.

¶ 10. Here, the facts show noncompliance with a statutory requirement on Midwest's part which thereby affected the court's competency to proceed. WISCONSIN STAT. § 802.07(3) addresses cross-claims, and it clearly contemplates that. a *pleading* must be in place for a party to move the court to enter a default judgment against a co-party:

> **(3)** CROSS CLAIM. A *pleading* may state as a cross claim any claim by one party against a coparty if the cross claim is based on the same transaction, occur-

rence, or series of transactions or occurrences *as is the claim in the original action* or as is a counterclaim therein, or if the cross claim relates to any property that is involved in the original action. Except as prohibited by s. 802.02(1m), *the cross claim may include a claim that the party against whom it is asserted is or may be liable to the cross claimant for all or part of a claim asserted in the action against the cross claimant.* (Emphasis added.)

Thus, under § 802.07(3), Midwest was required to file a cross-claim against Horn in order for the court to obtain competency to proceed on Midwest's motion for default judgment against Horn. Midwest did not file a cross-claim against Horn so there exists no claim upon which Midwest could file a motion for default judgment in its favor and against Horn.[4]

██

¶ 11. In *Davis v. City of Elkhorn*, 132 Wis. 2d 394, 398, 393 N.W.2d 95 (Ct. App. 1986), we held that a complainant must make two preliminary showings for default judgment absent excusable neglect. First, the moving party must show that a complaint was served and filed in the manner and within the time prescribed by statute. *Id.*; *see generally* Wis. Stat. § 806.02. Second, the complaint must contain allegations sufficient in law to state a claim for relief against a defendant. *Davis*, 132 Wis. 2d at 398–99. "The fact that a party may be in default cannot confer a right to judgment upon a claim not recognized by law." *Id.* at 399. Thus, the failure of an averment to state a valid claim for relief is fatal to a motion for default judgment. *Id.* It follows that the failure to aver a claim for relief *at all* is fatal to

---

[4] It is undisputed that the only claim of record is the claim that the Tridles made against Midwest and Horn.

a motion for default judgment. The trial court cannot enter a default judgment upon a *nonexistent* complaint. Thus, because Midwest did not file a cross-claim against Horn, the default judgment entered on Midwest's motion is void. For the same reason, the order to strike Horn's answer to the Tridles' complaint is void.

¶ 12. Finally, Horn's motion to vacate pursuant to Wis. Stat. § 806.07(1)(d) does not fail as untimely, despite the three-year span between the judgment and her motion, because the "reasonable time" requirement of § 806.07 does not apply to void judgments or orders. *Neylan v. Vorwald*, 121 Wis. 2d 481, 497, 360 N.W.2d 537 (Ct. App. 1984), *aff'd*, 124 Wis. 2d 85, 368 N.W.2d 648 (1985); *see also* § 806.07(2).

¶ 13. The only part of the trial court's judgment we uphold is its award of deposition costs to Midwest. We do so because the court acted within its discretion under Wis. Stat. § 804.12(4),[5] which allows the imposition of costs for noncompliance with a deposition notice.

¶ 14. Costs are denied to all parties.

*By the Court.*—Judgment affirmed in part and reversed in part; order reversed.

---

[5] Wisconsin Stat. § 804.12(4) states in pertinent part:

If a party . . . fails . . . to appear before the officer who is to take the party's deposition, after being served with a proper notice . . . the court shall require the party failing to act or the attorney advising the party or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.