VILLAGE OF TREMPEALEAU, Plaintiff-Respondent,

v.

Mike R. MIKRUT, Defendant-Appellant-Petitioner.†

Supreme Court

*Nos. 03–0534 through 03–0553. Oral argument
February 19, 2004.—Decided June 16, 2004.*

2004 WI 79

(Also reported in 681 N.W.2d 190.)

†Motion for Reconsideration denied 10-29-04.

ABRAHAMSON, C.J., concurs.
BRADLEY, J., joins.
WILCOX, J., took no part.

For the defendant-appellant-petitioner there was a brief by *Daniel W. Hildebrand, Michael R. Christopher, Cari Anne Renlund* and *DeWitt Ross & Stevens, S.C.,* Madison, and oral argument by *Daniel W. Hildebrand.*

For the plaintiff-respondent there was a brief by *Paul B. Millis* and *Skolos & Millis, S.C.,* Black River Falls, and oral argument by *Paul B. Millis* and *C. Michael Chambers.*

¶ 1. DIANE S. SYKES, J. Circuit courts in Wisconsin are constitutional courts with general original subject matter jurisdiction over "all matters civil and criminal." Wis. Const. art. VII, § 8. Accordingly, a circuit court is never without subject matter jurisdiction.

¶ 2. A circuit court's ability to exercise its subject matter jurisdiction in individual cases, however, may be affected by noncompliance with statutory requirements pertaining to the invocation of that jurisdiction. The failure to comply with these statutory conditions does not negate subject matter jurisdiction but may under certain circumstances affect the circuit court's competency to proceed to judgment in the particular case before the court. A judgment rendered under these circumstances may be erroneous or invalid because of the circuit court's loss of competency but is not void for lack of subject matter jurisdiction.

¶ 3. The issue in this case is whether a challenge to the circuit court's competency may be waived if not first raised in the original circuit court action. The case law has not been consistent on whether and under what circumstances the issue of competency may be deemed waived.[1] We hold that because competency does not

---

[1] Some of the inconsistency in the case law appears to stem from its use of conclusory language. Some cases simply equate competency with subject matter jurisdiction for purposes of deciding waiver. *See,* ¶¶ 24–25, *infra.* Others fail to distinguish among statutory pleading waiver rules, the common-law waiver rule (requiring issues to be raised in the circuit court or be deemed waived on appeal), and estoppel. *See,* ¶ 23 n.5, *infra.* We identify some of these areas of inconsistency but do not undertake to resolve all of them here.

In particular, we note that there is an established line of cases holding, in conclusory fashion, that competency challenges premised upon noncompliance with mandatory statutory

equate to subject matter jurisdiction, a challenge to the circuit court's competency is waived if not raised in the circuit court. The waiver rule is a rule of judicial administration, and therefore a reviewing court has the inherent authority to disregard a waiver and address the merits of an unpreserved argument. In addition, Wis. Stat. §§ 751.06 and 752.35 may allow discretionary appellate review of waived issues in extraordinary circumstances, and Wis. Stat. § 806.07(1) may provide an avenue for obtaining collateral relief from judgment on the basis of a waived argument if adequate grounds for relief can be established and the statute's time limitations have been met.

## I. FACTS AND PROCEDURAL HISTORY

¶ 4. The defendant Mike Mikrut owns and operates a salvage yard in the Village of Trempealeau. Between October 3, 2000, and November 9, 2000,

---

time limitations cannot be waived. *See,* ¶¶ 12–13, 25, *infra.* Because the competency challenge in this case is not premised upon noncompliance with statutory time limitations, we do not address the issue of waiver in this context except to note that these cases appear to simply perpetuate by rote the rule in older case law that statutory time limitations are "jurisdictional" and therefore cannot be waived. *See* ¶ 25 n.6, *infra.* We also note the recent enactment of legislation that may call into question this line of cases, at least in certain subject areas. *See,* ¶ 12 n. 4.

We emphasize that the waiver issue presented here is distinct from statutory pleading waiver rules. It is also distinct from the case law pertaining to pleading waiver rules as applied to competency challenges premised upon noncompliance with statutory governmental notice of claim requirements. *See,* ¶ 23 n.6, *infra.* Finally, the waiver issue here is also distinct from the estoppel case law, which sometimes uses the terminology of waiver. *Id.*

Mikrut was issued a total of 21 citations for violations of three Village ordinances: seven citations for the storage of junked vehicles on private property; seven citations for failing to obtain a conditional use permit for the operation of a junk and salvage yard in an industrial district; and seven uniform traffic citations for the illegal storage of junked vehicles. On June 14, 2001, the Honorable John Damon, Trempealeau County Circuit Court, found Mikrut guilty of all the violations. At two subsequent hearings the court considered the issue of penalty. Because the violations had continued for 227 days, the court ultimately imposed forfeitures totaling $104,193. A written order entering judgment was signed December 3, 2001, nunc pro tunc to November 15, 2001.

¶ 5. Mikrut moved for reconsideration; the motion was denied. He appealed, asserting numerous errors: that his properties were legal nonconforming uses; that he did not need a conditional use permit; that the circuit court did not have personal jurisdiction over him; that the judgment was based on insufficient evidence; that the forfeitures were erroneous; and that the Village was equitably estopped from enforcing the ordinances because Mikrut had moved the vehicles to his properties at the Village's request. The court of appeals rejected all Mikrut's claims in an unpublished decision affirming the judgment. *Village of Trempealeau v. Mikrut,* Nos. 01–3471 through 01–3490, unpublished slip op. (Ct. App. May 14, 2002). This court denied Mikrut's petition for review.

¶ 6. On November 25, 2002, more than 17 months after being found guilty of the ordinance violations and more than six months after the judgment was upheld on appeal, Mikrut moved to vacate the judgment, arguing for the first time that the Village did not follow

certain statutory mandates in issuing some of the citations. More specifically, Mikrut claimed that the citations were illegal because 1) the Village did not adopt a bond schedule for the particular ordinances Mikrut was charged with violating; 2) the citations were for ordinance violations that had a direct statutory counterpart contrary to Village Ordinance 1–2–1; and 3) the Village lacked authority under Wis. Stat. § 345.11 to issue uniform traffic citations for ordinance violations of the type charged against Mikrut. Mikrut claimed that these defects in the issuance of the citations rendered the circuit court incompetent to exercise its subject matter jurisdiction, and that the judgments were accordingly void. The circuit court denied the motion, concluding that Mikrut had waived the issue of the court's competency by failing to raise it at trial or on direct appeal. Mikrut appealed, and the court of appeals affirmed. *Village of Trempealeau v. Mikrut,* Nos. 03–0534 through 03–0553, unpublished slip op. (Ct. App. August 12, 2003). We accepted review.

## II. STANDARD OF REVIEW

¶ 7. Whether a circuit court has lost competency is a question of law that we review independently. *State v. Kywanda F.,* 200 Wis. 2d 26, 32–33, 546 N.W.2d 440 (1996); *Village of Shorewood v. Steinberg,* 174 Wis. 2d 191, 200, 496 N.W.2d 57 (1993). Whether an objection to the competency of the circuit court can be waived is also a question of law that we review de novo. *Kywanda F.,* 200 Wis. 2d at 32–33.

## III. DISCUSSION

¶ 8. Article VII, section 8 of the Wisconsin Constitution provides that: "[e]xcept as otherwise provided by law, the circuit court shall have original jurisdiction in all matters civil and criminal within this state." Accordingly, we have stated that in Wisconsin, "no circuit court is without subject matter jurisdiction to entertain actions of any nature whatsoever." *Mueller v. Brunn,* 105 Wis. 2d 171, 176, 313 N.W.2d 790 (1982)(citing *Matter of Guardianship of Eberhardy,* 102 Wis. 2d 539, 307 N.W.2d 881 (1981)); *Kline v. Burke Construction Co.,* 260 U.S. 226, 234 (1922). The "jurisdiction and the power of the circuit court is conferred not by act of the legislature, but by the Constitution itself." *Eberhardy,* 102 Wis. 2d at 550. Thus, the subject matter jurisdiction of the circuit courts cannot be curtailed by state statute.[2]

¶ 9. We have recognized, however, that a circuit court's ability to exercise the subject matter jurisdiction vested in it by the constitution may be affected by noncompliance with statutory requirements pertaining to the invocation of that jurisdiction in individual cases. *Mueller,* 105 Wis. 2d at 176; *Miller Brewing Co. v. LIRC,* 173 Wis. 2d 700, 705 n.1, 495 N.W.2d 660 (1993). Because the circuit court's subject matter jurisdiction is plenary and constitutionally-based, however, noncompliance with such statutory mandates is not "jurisdictional" in that it does not negate the court's subject

---

[2] Federal law may confer exclusive jurisdiction over certain subject matters to the federal courts, precluding state court jurisdiction in those areas by operation of the Supremacy Clause.

matter jurisdiction. *Kywanda F.,* 200 Wis. 2d at 33; *Miller Brewing,* 173 Wis. 2d at 705 n.1; *Green County Dep't of Human Servs. v. H.N.,* 162 Wis. 2d 635, 656, 469 N.W.2d 845 (1991)(*"In the Interest of B.J.N."* or *"B.J.N."*); *Mueller,* 105 Wis. 2d at 178. Rather, a failure to comply with a statutory mandate pertaining to the exercise of subject matter jurisdiction may result in a loss of the circuit court's competency to adjudicate the particular case before the court. *Kywanda F.,* 200 Wis. 2d at 33–34; *Miller Brewing,* 173 Wis. 2d at 705 n.1; *B.J.N.,* 162 Wis. 2d at 656; *Mueller,* 105 Wis. 2d at 177. "[A] defect of competency . . . is not jurisdictional." *Id.* at 189.

¶ 10. Whether a particular failure to comply with a statutory mandate implicates the circuit court's competency depends upon an evaluation of the effect of noncompliance on the court's power to proceed in the particular case before the court. *Miller Brewing,* 173 Wis. 2d at 705 n.1. Many errors in statutory procedure have no effect on the circuit court's competency. Only when the failure to abide by a statutory mandate is "central to the statutory scheme" of which it is a part will the circuit court's competency to proceed be implicated.[3] *In re Bollig,* 222 Wis. 2d 558, 567–68, 587 N.W.2d 908 (Ct. App. 1998); *see also Arreola v. State,* 199 Wis. 2d 426, 441, 544 N.W.2d 611 (Ct. App. 1996).

¶ 11. In *Bollig* the court of appeals analogized the competency inquiry to the analysis which is used to

---

[3] Prior to the distinction in our case law between subject matter jurisdiction and competency, the issue of whether noncompliance with a particular statutory requirement implicated the court's subject matter jurisdiction was sometimes determined by an evaluation of whether the statutory requirement was "mandatory" or "directory." *State v. Rosen,* 72 Wis. 2d 200, 204–08, 240 N.W.2d 168 (1976).

determine whether a defect affecting personal jurisdiction is fundamental or technical, essentially treating competency as a question of legislative purpose. *Bollig*, 222 Wis. 2d at 568. "[T]he legislative purpose of the statutory scheme must be determined and a decision made about whether it could be fulfilled, without strictly following the statutory directive." *Id.* at 568–69.

¶ 12. Loss of competency can be triggered by a variety of defects in statutory procedure. For example, in *B.J.N*, we concluded that the failure to timely hold a hearing on a request for an extension of a CHIPS order under Wis. Stat. § 48.365(2) resulted in a loss of the circuit court's competency to proceed, because without the statutorily-required hearing on the extension, the original order expired. *B.J.N.*, 162 Wis. 2d at 654. We noted that Chapter 48 imposes other mandatory time limitations as well, the violation of which precipitates a loss of competency.[4] *See id.* n.15 (collecting cases).

¶ 13. Many "loss of competency" cases involve noncompliance with statutory time limitations such as those at issue in *B.J.N.*, but circuit court competency has also been deemed lost in other circumstances as well: *e.g.*, where the Department of Health and Family

---

[4] Recent legislation may have affected the continued viability of this body of case law: Wis. Stat. § 48.315(2m)(b) (specifying that failure to comply with time limitations for continuances, extensions of time or periods of delay in Ch. 48 "does not deprive the court of personal or subject matter jurisdiction or of competency to exercise that jurisdiction"); Wis. Stat. § 938.315(3) (to the same effect in Chapter 938). *See* 1995 Wis. Act 77, § 629 (creating Wis. Stat. § 938.315(3), effective December 5, 1995); 2001 Wis. Act 109, §§ 101k, 9303(1n) (creating Wis. Stat. § 48.315(2m)(b) and providing that the statute first applies to continuances and extensions granted, and periods of delay that begin, on July 30, 2002).

Services failed to prepare a statutorily-mandated release plan in a Chapter 980 action, *Arreola,* 199 Wis. 2d at 430–31, and where conditions precedent to the modification of a foreign child support order under the Uniform Interstate Family Support Act had not been met, *Cepukenas v. Cepukenas,* 221 Wis. 2d 166, 170, 584 N.W.2d 227 (Ct. App. 1998). On the other hand, in *Kywanda F.,* 200 Wis. 2d at 36, we concluded that the failure to advise a juvenile in a delinquency proceeding of her right to judicial substitution did not result in a loss of circuit court competency.

¶ 14. The concept of competency has been characterized as a "narrower concept" involving a "lesser power" than subject matter jurisdiction. *See Village of Shorewood,* 174 Wis. 2d at 200; *B.J.N.,* 162 Wis. 2d at 656; *Bollig,* 222 Wis. 2d at 555–56. As such, a judgment rendered by a court lacking competency is "not void for the lack of subject matter jurisdiction but invalid for the lack of competency to proceed to judgment." *Mueller,* 105 Wis. 2d at 178 (citing *Wisconsin Pub. Serv. Corp. v. Krist,* 104 Wis. 2d 381, 303 N.W.2d 854 (1981), and Restatement of Judgments, ¶¶ 7, 10 at 43, 58–59 (1942)). "If a court has the power, i.e., subject matter jurisdiction, to entertain a particular type of action, its judgment is not void even though entertaining it was erroneous and contrary to the statute." *Id.* at 177–78.

¶ 15. Mikrut did not raise his challenge to the circuit court's competency until long after the judgment against him had been upheld on appeal. The circuit court and the court of appeals therefore held that the argument was waived. The waiver rule is well-established in our common law. "It is a fundamental principle of appellate review that issues must be pre-

served at the circuit court. Issues that are not preserved at the circuit court, even alleged constitutional errors, generally will not be considered on appeal." *State v. Huebner,* 2000 WI 59, ¶ 10, 235 Wis. 2d 486, 611 N.W.2d 727. The waiver rule is "not merely a technicality or a rule of convenience; it is an essential principle of the orderly administration of justice." *Id.,* ¶ 11.

¶ 16. We have stated that "[t]he reasons for the waiver rule go to the heart of the common law tradition and the adversary system." *State v. Caban,* 210 Wis. 2d 597, 604, 563 N.W.2d 501 (1997). The purposes underlying the waiver rule are as follows:

> The waiver rule serves several important objectives. Raising issues at the trial court level allows the trial court to correct or avoid the alleged error in the first place, eliminating the need for appeal. . . . It also gives both parties and the trial judge notice of the issue and a fair opportunity to address the objection. . . . Furthermore, the waiver rule encourages attorneys to diligently prepare for and conduct trials. . . . Finally, the rule prevents attorneys from "sandbagging" errors, or failing to object to an error for strategic reasons and later claiming that the error is grounds for reversal. . . . For all these reasons, the waiver rule is essential to the efficient and fair conduct of our adversary system of justice.

*Huebner,* 235 Wis. 2d 486, ¶ 12 (citations omitted).

¶ 17. The waiver rule is a rule of judicial administration, and as such, a reviewing court has the inherent authority to disregard a waiver and address the merits of an unpreserved issue in exceptional cases. *State v. Erickson,* 227 Wis. 2d 758, 766, 596 N.W.2d 749 (1999). Also, Wis. Stat. §§ 751.06 and 752.35 provide a procedural mechanism for discretionary appellate re-

view and reversal on grounds not preserved in the circuit court. In addition, Wis. Stat. § 806.07 may supply a procedure for obtaining collateral relief from judgment on the basis of an argument that has been waived, provided that one of the statute's grounds can be established and the motion is brought within the statute's time limitations. Wis. Stat. § 806.07(1), (2).

¶ 18. Wisconsin case law is inconsistent on the question of whether a challenge to the circuit court's competency is subject to the common-law rule of waiver. In *Mueller*, this court held that "[i]f a court truly lacks only competency, its judgment is invalid only if the invalidity of the judgment is raised on direct appeal." *Mueller*, 105 Wis. 2d at 178. This appears to state a modified waiver rule, in which a competency challenge may be raised for the first time on direct appeal but will be deemed waived if not raised on direct appeal, that is, if raised for the first time in a collateral challenge.

¶ 19. However, in *In the Interest of G.L.K.*, 153 Wis. 2d 245, 450 N.W.2d 498 (Ct. App. 1989), the court of appeals applied the standard accepted common-law waiver rule and held that a challenge to the circuit court's competency is waived if not raised in the circuit court. *Id.* at 248. The court thus declined to consider a competency argument raised for the first time on appeal. *Id.*

¶ 20. In *Wall v. Wisconsin DOR*, 157 Wis. 2d 1, 458 N.W.2d 814 (Ct. App. 1990), the court of appeals applied an entirely different sort of waiver rule, requiring competency to be raised in an initial pleading. In *Wall*, the defendant Department of Revenue argued that the circuit court lacked subject matter jurisdiction because the plaintiff improperly served its petition for review from an adverse agency decision by regular mail rather than by certified mail or in person as required by

Wis. Stat. § 227.53(1)(a)1. *Id.* at 6. The department had filed a "Notice of Appearance" in the circuit court but then moved to dismiss four months later, arguing lack of subject matter jurisdiction based upon the service defect.

¶ 21. Noting that the department's objection was more appropriately characterized as a challenge to the circuit court's competency rather than subject matter jurisdiction, the court of appeals in *Wall* held that the objection had been waived because the department had "submitted to the circuit court's jurisdiction by filing a 'Notice of Appearance'" and "did not allege in it any jurisdictional objections, but first raised the issue four months later in a motion to dismiss." *Id.* at 7. Citing *G.L.K.*, the court held that "[f]ailure to timely object to the court's competency to proceed constitutes a waiver of that objection." *Id.*

¶ 22. In fact, however, *G.L.K.* had applied the traditional common-law waiver rule, in which objections are considered waived for appeal purposes if not first preserved in the circuit court. In contrast, the court of appeals in *Wall* appears to have applied a rule of pleading waiver, in which objections are waived and cannot be raised in the litigation in the circuit court if not included in the party's initial pleading. The court reached this conclusion without analysis; the holding therefore represents an unexplained and unsupported expansion of *G.L.K.* and the common-law waiver rule.

¶ 23. It may be that the court in *Wall* was extrapolating from the pleading and motion requirements in Wis. Stat. § 802.06, although it did not specifically say so. In any event, while the statute establishes pleading and motion requirements and waiver rules for defenses based upon personal and subject matter jurisdiction (and certain other defenses based upon defects

92

in statutory procedure), it is silent as to whether defenses based upon lack of competency are waived if not pleaded. Regardless, a notice of appearance is not a substantive defensive pleading; it is therefore unusual that the court of appeals would have concluded that a competency challenge is waived if not included in a notice of appearance.[5]

---

[5] In this regard, we emphasize again that the waiver question in this case is waiver by failure to raise and preserve an issue in the circuit court, precluding review as of right of that issue on direct appeal or collaterally. This is distinct from the more restrictive rules of pleading waiver. It is true that the broad language in *Wall v. Wisconsin DOR*, 157 Wis. 2d 1, 458 N.W.2d 814 (Ct. App. 1980) appears to encompass more than a rule of pleading waiver; the court of appeals in this case relied upon this broad language for its waiver holding. Nevertheless, *Wall* is in fact a pleading waiver case, and one that is hard to justify, for the reasons we have stated.

In addition to the anomalous decision in *Wall*, the case law is also inconsistent on whether a competency challenge premised upon noncompliance with the governmental notice of claim statutes, Wis. Stat. §§ 893.80(1) and 893.82(3), must be pleaded or deemed waived. *See Thorp v. Town of Lebanon*, 2000 WI 60, ¶ 24, 235 Wis. 2d 610, 612 N.W.2d 59 ("[a] governmental entity must affirmatively plead that a plaintiff did not comply with Wis. Stat. § 893.80(a)(1)"); *Ibrahim v. Samore*, 118 Wis. 2d 720, 726, 348 N.W.2d 554 (1984) (failure to comply with Wis. Stat. § 893.82 "is not waived by a failure to plead it as an affirmative defense"). This court's decision in *Gillen v. City of Neenah*, 219 Wis. 2d 806, 824, 580 N.W.2d 628 (1998), discussing *Figg v. City of Milwaukee*, 121 Wis. 2d 44, 357 N.W.2d 548 (1984), addressed this issue tangentially but did not attempt to tackle it head on. Neither do we attempt to do so here.

Finally, confusion is generated in this area by the conclusory use of the terminology of waiver to resolve estoppel claims. *See Oney v. Schrauth*, 197 Wis. 2d 891, 904, 541 N.W.2d 229 (Ct. App. 1995) (statutory notice of claim "requirements cannot be

¶ 24. At the other end of the spectrum is *In re Nadia S.*, 219 Wis. 2d 296, 581 N.W.2d 182 (1998), a CHIPs case that this court concluded was moot because the circuit court lost competency when the order placing the child outside the home expired during the pendency of the appeal. Addressing the unusual procedural posture of the case, we made the following broad statement on the issue of competency challenges and waiver: "like issues of subject matter jurisdiction, a court's loss of competence to adjudicate a matter cannot be waived by the parties." *Id.* at 303. *Nadia S.* cited *B.J.N.* for this proposition.

¶ 25. In fact, however, *B.J.N.* does not equate subject matter jurisdiction with competency for purposes of the waiver rule, nor does it support a blanket rule of nonwaiver for all challenges to the circuit court's competency. Rather, in *B.J.N.*, we acknowledged that "[n]o clear waiver rule has been developed in cases involving a court's loss of competence" but also noted that "we have consistently ruled that a court's loss of power *due to the failure to act within statutory time periods* cannot be stipulated to nor waived." *B.J.N.*, 162 Wis. 2d at 656–57 (emphasis added). The language in *Nadia S.* attributing to *B.J.N.* a rule of nonwaiver for *all* competency challenges was therefore overbroad. *B.J.N.* concluded only that a certain type of competency challenge is nonwaivable: loss of competency based upon noncompliance with mandatory statutory time periods.[6]

waived and no basis exists for the equitable doctrine of estoppel"); *J.F. Ahern Co. v. Wis. State Bldg. Comm'n*, 114 Wis. 2d 69, 83, 336 N.W.2d 679 (Ct. App. 1983) (same). Waiver as used in this sense is substantive, not procedural.

 [6] This conclusion in *Green County Dep't of Human Servs. v. H.N.*, 162 Wis. 2d 635, 656–57, 469 N.W.2d 845 (1991)("*B.J.N.*"),

¶ 26. To summarize, the cases regarding the waiver rule as applied to competency challenges have variously held as follows: 1) competency challenges cannot be waived at all (*Nadia S.*); 2) competency challenges cannot be waived if the alleged lack of competency relates to noncompliance with mandatory statutory time limitations, but no clear rule exists in other situations (*B.J.N.*); 3) competency challenges may be raised for the first time on direct appeal but are waived if not raised on direct appeal, that is, if raised for the first time on collateral challenge (*Mueller*); 4) competency challenges are waived for purposes of ap-

was a summary importation of the holdings of several older subject matter jurisdiction cases which had concluded that certain statutory time limitations were "jurisdictional" and therefore nonwaivable. *Id.* at 657 n.19. In these older cases, the question of waiver was subsumed in the substantive determination of whether noncompliance with a particular statutory requirement affected the court's jurisdiction, because subject matter jurisdiction was considered always nonwaivable. *Id.* *B.J.N.* and numerous subsequent cases have now established that competency challenges do not affect the court's subject matter jurisdiction. *See,* ¶¶ 8–14, *supra.* Accordingly, because lack of competency does not equate to lack of subject matter jurisdiction—that is, loss of competency is not "jurisdictional" —the question of waiver becomes a separate inquiry from the substantive determination of whether the particular defect in statutory procedure affects the court's competency. *B.J.N.*, however, did not analyze the question separately, but merely invoked the holdings of the older subject matter jurisdiction cases to conclude that competency challenges premised upon noncompliance with mandatory statutory time periods were nonwaivable. *B.J.N.*, 162 Wis. 2d at 657 n.19. This, too, explains some of the inconsistency in the case law. The concurrence also appears to conflate the issue of waiver with the underlying substantive determination of whether the statute in question implicates the court's competency. *See,* concurrence, ¶¶ 43–44.

peal if not first raised in the circuit court (*G.L.K.*); and 5) competency challenges are waived if not raised in the initial pleading (*Wall*). This conflicting body of case law cannot be reconciled.

¶ 27. We conclude that the following principles are sound and should be maintained: the common-law waiver rule applies to challenges to the circuit court's competency, such that a challenge to the court's competency will be deemed waived if not raised in the circuit court, subject to the inherent authority of the reviewing court to disregard the waiver and address the merits of the unpreserved argument or to engage in discretionary review under Wis. Stat. §§ 751.06 or 752.35. Because competency does not equate with subject matter jurisdiction, we see no reason not to apply the rule of waiver to these challenges as a general matter. A judgment rendered where competency is lacking is not void for lack of subject matter jurisdiction. Accordingly, a categorical rule that competency objections can never be waived is not justified. We withdraw the overbroad language in *Nadia S.* that attributed such a categorical rule of nonwaiver to the decision in *B.J.N.*

¶ 28. On the other hand, the approach in *Wall* was also unjustified. The failure to raise an objection to competency in a notice of appearance does not waive the right to bring such an objection in the circuit court action. We overrule *Wall* to the extent that it purported to establish such a restrictive pleading waiver rule.

¶ 29. *Mueller* and *G.L.K.* conflict to the extent that the former allows competency to be raised for the first time on direct appeal (but not collaterally) and the

latter does not allow unpreserved competency challenges to be raised for the first time on appeal as of right. We conclude that *G.L.K.* states the better rule: the waiver rule applies to challenges to the circuit court's competency. The purposes underlying the waiver rule are well-served by applying it in this context.[7] Requiring challenges to the circuit court's competency to be raised in the circuit court encourages diligent investigation and preparation of cases. It also gives the circuit court and both parties a fair opportunity to address any objections to the court's competency to proceed and may diminish appeals on competency issues. Accordingly, we clarify that *Mueller* should not be read as suggesting that a challenge to the court's competency need not be raised in the circuit court in order to preserve it for appeal.

¶ 30. Accordingly, we hold that challenges to the circuit court's competency are waived if not raised in the circuit court, subject to the reviewing court's inherent authority to overlook a waiver in appropriate cases or engage in discretionary review of a waived competency challenge pursuant to Wis. Stat. §§ 751.06 or 752.35. Because the competency challenge in this case is not premised upon noncompliance with statutory time limitations, we do not decide whether the particularized rule of nonwaiver stated in *B.J.N.* (statutory time periods cannot be waived) should be maintained.

¶ 31. Applying these principles here, Mikrut waived his challenge to the circuit court's competency.

---

[7] The important purposes underlying the waiver rule are summarized at ¶¶ 15–16, *supra,* and do not reduce to mere avoidance of reaching the merits or an "approach" that "makes this court's work easier: just say 'waiver,' " as suggested by the concurrence. *See,* concurrence, ¶ 46.

He failed to raise the alleged defects in the issuance of the citations in the circuit court before or at trial or after judgment, and, in fact, asserted the circuit court's lack of competency for the first time more than six months after the judgment was upheld on appeal. Accordingly, we conclude that Mikrut cannot now bring his challenge to the circuit court's competency, having waived it by not asserting it in the original circuit court action, which was long ago upheld on appeal.

¶ 32. As an additional line of argument, Mikrut contends that under *Tridle v. Horn,* 2002 WI App 215, 257 Wis. 2d 529, 652 N.W.2d 418, competency challenges are not subject to waiver because a challenge to a void judgment may be asserted under Wis. Stat. § 806.07(1)(d) at any time. *Tridle* was an auto accident case in which the plaintiff sued the other driver as well as her own uninsured motorist (UM) carrier. *Id. ,* ¶ 2. The UM carrier answered but did not file a cross-claim for contribution or indemnification against the driver. The UM carrier later obtained a judgment against the driver/tortfeasor as a sanction for noncompliance with discovery. *Id.,* ¶ 3. Three years later the driver moved for relief from judgment under Wis. Stat. § 806.07(1)(d), alleging that the judgment was void because the circuit court lacked subject matter jurisdiction and competency based upon the failure of the UM insurer to file a cross-claim. *Id.,* ¶¶ 3, 12.

¶ 33. The court of appeals in *Tridle* distinguished between subject matter jurisdiction and competency, but nonetheless agreed with the driver that the judgment was void on lack of competency grounds. *Id.,* ¶ 11. The court further concluded that the driver's "motion to vacate pursuant to Wis. Stat. § 806.07(1)(d) does not fail as untimely, despite the three-year span

between the judgment and her motion, because the 'reasonable time' requirement of § 806.07 does not apply to void judgments or orders." *Id.*, ¶ 12.

¶ 34. The court in *Tridle* was partly right. The "reasonable time" limitation in Wis. Stat. § 806.07(2) does not apply to motions to vacate void judgments under Wis. Stat. § 806.07(1)(d). *Neylan v. Vorwald,* 124 Wis. 2d 85, 100, 368 N.W.2d 648 (1985). However, as we have noted, a lack of competency does not negate subject matter jurisdiction or nullify the judgment. *Mueller,* 105 Wis. 2d at 177–78. Lack of competency is not "jurisdictional" and does not result in a void judgment. *Id.* Accordingly, it is not true that a motion for relief from judgment under Wis. Stat. § 806.07 on grounds of lack of circuit court competency may be made at any time. We overrule *Tridle* to the extent that it held that a loss of competency voids the judgment and thereby authorized lack of competency to be raised by motion under Wis. Stat. § 806.07(1)(d) at any time.

¶ 35. If a judgment is rendered by a circuit court lacking competency and the competency challenge has been waived, Wis. Stat. § 806.07(1)(h)—the "catch-all" provision allowing relief from judgment for "any other reasons justifying relief"—may provide an avenue for relief in an extraordinary case. However, it is well-established that "finality is important and . . . subsection (h) should be used sparingly." *State ex rel. M.L.B. v. D.G.H.,* 122 Wis. 2d 536, 550, 363 N.W.2d 419 (1985).

¶ 36. A motion pursuant to Wis. Stat. § 806.07(1)(h) must be made "within a reasonable time." Wis. Stat. § 806.07(2). Relief under subsection (h) re-

99

quires "extraordinary circumstances;" the provision "should be used only when the circumstances are such that the sanctity of the final judgment is outweighed by 'the incessant command of the court's conscience that justice be done in light of *all* the facts.' " *Id.* (quoting *Bankers Mtg. Co. v. United States,* 423 F.2d 73, 77 (5th Cir.), *cert. denied,* 399 U.S. 927 (1970) (emphasis in original.)) As a general principle, Wis. Stat. § 806.07 "attempts to achieve a balance between fairness in the resolution of disputes and the policy favoring the finality of judgments." *Edland v. Wis. Physicians Serv. Ins. Co.,* 210 Wis. 2d 638, 644, 563 N.W.2d 519 (1997) (citing *M.L.B.,* 122 Wis. 2d at 542). Thus, a court considering a motion for relief from judgment under subsection (h) "should not interpret extraordinary circumstances so broadly as to erode the concept of finality, nor should it interpret extraordinary circumstances so narrowly that subsection (h) does not provide a means for relief for truly deserving claimants." *Id.* at 552.

¶ 37. Mikrut did not pursue relief under Wis. Stat. § 806.07(1)(h) and therefore did not make any attempt to bring his case within the legal standards that govern the use of this statutory vehicle for obtaining collateral relief from judgment. Accordingly, we do not address whether such relief would be timely or legally appropriate under the circumstances of this case.

¶ 38. We conclude that challenges to the circuit court's competency are waived if not raised in the circuit court. The waiver rule is a rule of judicial administration, and therefore a reviewing court has inherent authority to disregard a waiver and address a competency argument in appropriate cases. Also, Wis. Stat. §§ 751.06 and 752.35 may provide an avenue for discretionary review of an otherwise waived compe-

tency challenge in extraordinary cases. In addition, Wis. Stat. § 806.07(1)(h) may provide a vehicle for collateral relief from judgment on the basis of an otherwise waived competency argument—again, however, only in extraordinary cases. Mikrut's challenge to the circuit court's competency was waived.

*By the Court.*—The decision of the court of appeals is affirmed.

¶ 39. JON P. WILCOX, J., did not participate.

¶ 40. SHIRLEY S. ABRAHAMSON, C.J. (*concurring*). I agree with the majority opinion's bottom line. I write separately because the opinion goes too far.

¶ 41. As I understand the opinion, it holds that except for statutory time limits, every statutory mandate for invoking a circuit court's jurisdiction is waived if not first raised in the circuit court proceeding.

¶ 42. The reason for this new rule, which requires overturning or casting great doubt on numerous prior opinions (many not cited), is as follows: The black letter rule is that subject matter jurisdiction cannot be waived; because Wisconsin circuit courts have total subject matter jurisdiction, subject matter jurisdiction in Wisconsin is never an issue in any case; competence is different from subject matter jurisdiction;[1] the issue of competence is waived at the appellate level unless an objection is made in the circuit court.

¶ 43. The majority opinion paints with too broad a brush. It substitutes a bright-line rule for the text of many statutes. Bright lines are good. I wonder, however, whether we should adopt a bright line for a multitude of

---

[1] The majority opinion defines competence as adhering to statutory prerequisites except statutory time limits, which are not addressed.

differently worded statutes. I suggest it is too simplistic for the majority opinion to conclude that all the prior cases are inconsistent without even examining these cases carefully.

¶ 44. This case presents a narrow issue relating to particular statutes. It seems to me relatively easy to apply the rule set forth in past cases: The court examines the statute and on that basis determines whether the statutory requirement can be waived.

¶ 45. We should use caution in advancing the theme that if a litigant does not raise an issue in circuit court it is waived.[2] Let us hold lawyers and litigants to high standards and statutory requirements, but let us not revert to ancient common law where every error enabled a court to dismiss a case without looking at the merits of the case. A saving grace of the opinion, although not a great comfort to litigants, is that it preserves the right of an appellate court to examine the merits of a competence issue despite any waiver.

¶ 46. The approach taken by the majority opinion makes this court's work easier: Just say "waiver."

¶ 47. For the reasons set forth above, I write separately.

¶ 48. I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.

---

[2] For other recent decisions relying on the waiver doctrine, see, *e.g., State v. Hayes,* 2004 WI 80, ___ Wis. 2d ___, 681 N.W.2d 203 (Sykes, J., concurring); *State v. Meeks,* 2003 WI 104, 263 Wis. 2d 794, 666 N.W.2d 859 (Sykes, J., dissenting).