**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**October 17, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2018AP2043**

**STATE OF WISCONSIN**

Cir. Ct. No. 2018CV2322

**IN COURT OF APPEALS**
**DISTRICT IV**

PETITIONER,

    PETITIONER-RESPONDENT,

V.

ANTHONY RINEER,

    RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Dane County: JILL J. KAROFSKY, Judge. *Affirmed*.

Before Fitzpatrick, P.J., Blanchard, and Kloppenburg, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.    Anthony Rineer appeals a domestic abuse injunction entered against him by the circuit court (the Hon. Jill J. Karofsky) on September 5, 2018.   We do not identify the petitioner by name in light of the nature of the allegations, but refer to her as "the petitioner."   We identify below each argument that Rineer makes and explain why we reject each of his arguments.

¶2     The record in this case reflects events from 2017 that occurred in a prior set of circuit court proceedings involving the same parties.   As pertinent to issues raised in this appeal, on November 29, 2017, the circuit court (the Hon. William E. Hanrahan) dismissed two petitions for domestic abuse injunctions— one filed by Rineer against the petitioner and the other filed by the petitioner against Rineer—based on a stipulation of the parties.   The stipulation included an agreement that the parties would have no contact with each other going forward.

¶3     On August 28, 2018, the petitioner filed the petition at issue here, seeking a temporary restraining order against Rineer and the scheduling of an injunction hearing pursuant to WIS. STAT. § 813.12(2), (5)(a).[1]   The allegations in the petition included that Rineer and the petitioner were in a domestic relationship and that the petitioner was in imminent danger of physical harm.   The court commissioner entered a temporary restraining order and scheduled an injunction hearing before the circuit court.

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶4    As scheduled, on September 5, 2018, the circuit court (Judge Karofsky) heard evidence from five witnesses, including the petitioner and Rineer, and granted an injunction against Rineer.[2]

¶5    The petitioner testified in pertinent part as follows.  What became Exhibit 2 at the hearing consisted of photographs that the petitioner testified she had taken of herself on April 30, 2017, showing bruising to her wrist or arm.  She testified that she sustained the bruising "where [Rineer] grabbed me" as she was "trying to leave."  "[H]e grabbed me and twisted my arm until I was bruised."  The petitioner testified that she does not bruise easily.

¶6    At the conclusion of the hearing, the court found, in pertinent part, that there were "reasonable grounds to believe" that Rineer had caused bruising to the petitioner, as reflected in Exhibit 2 and her testimony, clearly crediting the petitioner's testimony on this point.  The court determined based on this evidence, that there were reasonable grounds to believe that Rineer caused the "[i]ntentional infliction of physical pain" or "physical injury" to the petitioner, which qualifies as "[d]omestic abuse" under WIS. STAT. § 813.12(1)(am)1.  *See also* § 813.12(4)(a)3. (after the final hearing, circuit court may grant an injunction if the court "finds reasonable grounds to believe that the respondent has engaged in … domestic abuse of the petitioner" as defined in para. (1)(am)).

¶7    Rineer makes a threshold argument purporting to challenge what he refers to as the "competency" of the circuit court to address the merits of the

---

[2]  At the same hearing the court also resolved a separate petition for an injunction. We do not address the separate petition further in this opinion but, instead, limit our discussion to the arguments the parties now make regarding the granting of the instant petition.

petition based on the November 29, 2017 stipulation before Judge Hanrahan. The petitioner argues that Rineer forfeited this argument because he failed to raise it in the circuit court (before Judge Karofsky), and we agree.

¶8    In his reply brief, Rineer admits that he failed to make the "competency" challenge in the circuit court. He asks us to

> take this argument up on consideration under [our] "authority to disregard waiver and address the merits of the unpreserved argument or to engage in discretionary review under WIS. STAT. §§ 751.06 or 752.35." [*Village of*] *Trempealeau v. Mikrut*, 2004 WI 79, ¶27, 273 Wis. 2d 76, 681 N.W.2d 190.

We decline this invitation to take up this potentially complex issue. One pertinent consideration is that, had Rineer raised this issue in the circuit court then a far more helpful record regarding the 2017 stipulation and its potential effect on this case would likely have been created. We have no need to address other grounds that the petitioner offers in support of the court's competency in these circumstances.

¶9    Turning to the merits, Rineer argues that the court's finding that Rineer intentionally inflicted pain or physical injury to the petitioner was clearly erroneous. Rineer acknowledges, as he must, that a circuit court's findings of fact in support of a determination that reasonable grounds for an injunction exist will not be set aside unless the findings are shown to be clearly erroneous. *See Wittig v. Hoffart*, 2005 WI App 198, ¶19, 287 Wis. 2d 353, 704 N.W.2d 415. However, he proceeds to advance arguments that fail to suggest error, much less clear error.

¶10    Rineer asserts that the circuit court "was not confident in its own finding," because the court referred to an alternative theory for the creation of the bruising. Whatever Rineer intends to argue along these lines, we reject it because

the court unambiguously found that there was insufficient evidentiary support for the alternative theory. Beyond this assertion, Rineer more broadly appears to attempt to argue that the court erred in failing to adopt his view on the alternative theory, but we reject this broader argument because he fails to take into account our standard of review. He essentially asks us to weigh witness credibility and reasonable inferences, which are tasks assigned to the circuit court and reviewable on a circumscribed basis that Rineer does not make a serious attempt to apply.

¶11 Rineer may intend to challenge an evidentiary ruling of the circuit court in admitting Exhibit 2. Rineer objected to its admission on the ground that a date reflected on the images "is not metadata of a photo. It's simply data entry, which you can input on any computer program to change that." The court responded: "And you can cross-examine [the petitioner] on whether or not these [photos] were taken at a different time or she put different dates on them. I think an issue like this goes to weight rather than admissibility."

¶12 Rineer's argument on appeal on this topic is unclear, but we reject it on the ground that the circuit court's response to the particular objection raised was well within its discretionary authority. *See Martindale v. Ripp*, 2001 WI 113, ¶28, 246 Wis. 2d 67, 629 N.W.2d 698 (evidentiary decisions are reviewed under the erroneous exercise of discretion standard, which allows circuit courts "broad discretion").

¶13 Rineer acknowledges that "one instance of domestic abuse is enough for a circuit court to issue an injunction" under WIS. STAT. § 813.12(1)(am), (4). However, he argues that reversal is required because *additional* findings that the circuit court made in support of its ruling "are not cognizable as domestic abuse per WIS. STAT. § 813.12(1)(am)1.-6." We reject this argument because Rineer

fails to explain why, even if he were correct on these points (topics on which we take no positions), the injunction was not proper based on the court's finding that there were reasonable grounds to believe that Rineer intentionally inflicted physical pain or physical injury on the petitioner. We have rejected his arguments on that issue, and Rineer does not provide a good reason to address his arguments about the additional bases for an injunction articulated by the circuit court.

¶14 We deny the petitioner's motion for attorneys' fees pursuant to WIS. STAT. § 809.25(3). Rineer makes some frivolous arguments, but we are not persuaded that all arguments Rineer makes on appeal are wholly frivolous. *See Baumeister v. Automated Products, Inc.*, 2004 WI 148, ¶26, 277 Wis. 2d 21, 690 N.W.2d 1.

*By the Court*.—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.