COURT OF APPEALS
DECISION
DATED AND FILED

November 3, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2189**

STATE OF WISCONSIN

Cir. Ct. No. 2017CV30

IN COURT OF APPEALS
DISTRICT III

JONES SIGN CO., INC.,

PLAINTIFF-RESPONDENT,

V.

CONSENSUS CONSTRUCTION & CONSULTING, INC.,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Brown County: THOMAS J. WALSH, Judge. *Reversed*.

Before Stark, P.J., Hruz and Seidl.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Consensus Construction & Consulting, Inc., appeals a money judgment in favor of Jones Sign Co., Inc. Consensus asserts the

circuit court erred by refusing to enforce a forum selection clause contained in the parties' contract identifying the courts of South Carolina as the proper place to litigate disputes under the contract. We agree that the forum selection clause must be given effect and that Jones Sign's complaint should have been dismissed. Accordingly, we reverse.

## BACKGROUND

¶2 The material facts relevant to this appeal are undisputed. Consensus is a South Carolina corporation that contracted with Horry Georgetown Technical College (HGTC) to fabricate and install signage on HGTC's campuses in South Carolina. Consensus entered into a subcontract with Jones Sign to fabricate and install certain signs.

¶3 HGTC was dissatisfied with Jones Sign's work and complained to Consensus. Jones Sign performed additional work, but Consensus withheld payment on the final invoice that Jones Sign had submitted. Ultimately, another entity was hired to complete the work.[1] The situation led to HGTC withholding payment to Consensus, a dispute that was ultimately resolved by the South Carolina State Fiscal Accountability Authority in Consensus's favor.

¶4 Jones Sign then filed the present action against Consensus in Wisconsin, seeking a money judgment in the amount withheld by Consensus.[2] Consensus filed a motion to dismiss, citing a lack of subject matter and personal

---

[1] The parties disagree on whether Consensus terminated Jones Sign or Jones Sign "walked off" the project. This disagreement is immaterial to the basis for our decision.

[2] By an amended complaint, Jones Sign added a claim relating to additional costs for signs that were not included on the final invoice.

jurisdiction and asserting that the subcontract required that all disputes involving that contract to be resolved by the courts of South Carolina. The circuit court denied the motion and resolved the merits of the suit through decisions in which it granted summary judgment to Jones Sign. The court denied Consensus's motion for reconsideration and entered a judgment in favor of Jones Sign. Consensus now appeals.

## DISCUSSION[3]

¶5      Consensus presents three threshold jurisdictional issues for our review. It argues the circuit court lacked authority to reach a judgment because it did not possess subject matter jurisdiction, it lacked personal jurisdiction over Consensus, and it was an improper forum in which to resolve the parties' dispute. As explained below, we reject Consensus's assertion that the court lacked subject matter jurisdiction and we assume without deciding that the court could exercise personal jurisdiction over Consensus. We conclude, however, that the court erred by not enforcing a valid, unambiguous forum selection clause contained in the parties' contract.

### A. Subject Matter Jurisdiction

¶6      Consensus, in passing, makes references to the circuit court's "lack of subject matter jurisdiction, and/or competency." In Wisconsin, no circuit court is without subject matter jurisdiction to entertain actions of any nature whatsoever.

---

[3] The parties' briefs raise a multitude of issues that we need not address based on our conclusion that, as a matter of contract law, the proper forum state for this action is South Carolina. *See* ***Maryland Arms Ltd. P'ship v. Connell***, 2010 WI 64, ¶48, 326 Wis. 2d 300, 786 N.W.2d 15.

*Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶8, 273 Wis. 2d 76, 681 N.W.2d 190; *see also* WIS. STAT. § 801.04(1) (2017-18).[4] A court may, however, lack competency to adjudicate a particular dispute based upon a failure to comply with statutory requirements pertaining to the exercise of jurisdiction. *Mikrut*, 273 Wis. 2d 76, ¶9. Consensus provides no basis for a conclusion that the circuit court lacked competency in this case—other than its assertion that this suit was brought in the wrong forum, an argument that we address below. Accordingly, we conclude the circuit court possessed subject matter jurisdiction to hear this dispute.

*B. Personal Jurisdiction*

¶7    Personal jurisdiction over a party is required by WIS. STAT. § 801.04(2), which provides that judgment may be entered against a particular person only if one or more of the jurisdictional grounds set forth in WIS. STAT. § 801.05 are established. If the statutory requirements are satisfied, the court must then consider whether the exercise of jurisdiction comports with due process requirements. *Kopke v. A. Hartrodt S.R.L.*, 2001 WI 99, ¶8, 245 Wis. 2d 396, 629 N.W.2d 662.

¶8    Here, the circuit court concluded that personal jurisdiction was appropriate under WIS. STAT. § 801.05(5)(a) and (b). Subsection (5)(a) confers personal jurisdiction when, as relevant here, the suit "[a]rises out of a promise, made anywhere to the plaintiff … by the defendant … to pay for services to be performed in this state by the plaintiff." Subsection (5)(b) confers personal jurisdiction if the action "[a]rises out of … services actually performed for the

---

[4] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

defendant by the plaintiff within this state if such performance within this state was authorized or ratified by the defendant."

¶9     Consensus argues these provisions do not confer personal jurisdiction because the only service arguably promised or performed by Jones Sign in Wisconsin was sign fabrication.  Additionally, Consensus asserts this fact was established only through the affidavit of Jones Sign's counsel, who lacked personal knowledge of the matter.  Finally, Consensus argues that even if there was a statutory basis for personal jurisdiction, it lacked sufficient contacts with Wisconsin to subject it to suit here as a matter of due process.

¶10    We assume without deciding that the exercise of personal jurisdiction over Consensus satisfied both the statutory and due process standards.  We make this assumption because a much narrower issue resolves this appeal— namely, the specific contract between the parties here designates South Carolina as the forum state in which actions must be brought.  "[W]e decide cases on the narrowest possible grounds."  *Patrick Fur Farm, Inc. v. United Vaccines, Inc.*, 2005 WI App 190, ¶8 n.1, 286 Wis. 2d 774, 703 N.W.2d 707.

### C. Choice of Forum

¶11    Although a plaintiff's choice of the forum is generally entitled to great weight, such "favoring" of the plaintiff's choice does not apply if the forum is selected as a matter of contract.  *Converting/Biophile Labs., Inc. v. Ludlow Composites Corp.*, 2006 WI App 187, ¶¶21-22, 296 Wis. 2d 273, 722 N.W.2d 633.  A contract's forum selection clause is presumptively valid in Wisconsin and will be enforced unless it is demonstrated to be unconscionable or a violation of a public policy.  *Id.*, ¶22.  The contractual language must clearly indicate the

parties' intention to waive jurisdiction in other appropriate forums in favor of the forum the parties have chosen. *Id.*, ¶23.

¶12    The subcontract here has two provisions regarding the proper forum for resolving disputes, with the applicable provision depending on whether the dispute concerns the "correlative rights and duties of [the] Owner." The parties appear to agree that the only potentially applicable provision is the one not implicating HGTC's rights and duties. That provisions states:

> If a dispute should arise between Contractor and Subcontractor under or relating to the Subcontract, or the breach thereof, which does not involve the correlative rights and duties of Owner and is not, therefore, controlled by the foregoing provision, then either party may seek redress of its grievances as to such disputes at law or in equity in a court of competent jurisdiction located in the State in which the Project is located.

The "Project" is defined as "HGTC Exterior Signage – Grand Strand and Georgetown Campuses," and it is undisputed that the "Project" is located in South Carolina.

¶13    The parties disagree about the meaning of the foregoing forum selection clause. Consensus argues it means that any suits concerning the meaning of the subcontract or a breach of its provisions must be brought in South Carolina. Jones Sign, apparently emphasizing the provision's use of the word "may," argues the clause is "permissive" and allows such suits to be brought anywhere jurisdiction would be appropriate, *including* South Carolina.

¶14    To resolve this disagreement, we must interpret the contract.[5]  We give contract language its plain or ordinary meaning.  ***Tufail v. Midwest Hosp., LLC***, 2013 WI 62, ¶28, 348 Wis. 2d 631, 833 N.W.2d 586.  "Where the terms of the contract are clear and unambiguous, we construe the contract according to its literal terms."  ***Id.***, ¶26.  Conversely, when a contract is ambiguous, extrinsic evidence concerning the parties' intent may be used to discern meaning.  ***Id.***, ¶27.  A contract is ambiguous if it is susceptible to more than one reasonable interpretation.  ***Id.***

¶15    We conclude the contract here is unambiguous, and it requires that any lawsuit relating to the subcontract or a breach thereof must be litigated in South Carolina.  "May," as used in this context, refers to a party's decision to "seek redress of its grievances"; in other words, a party need not litigate a dispute concerning the subcontract, but it if it does litigate, it must do so in a "court of competent jurisdiction" in South Carolina.  Contrary to Jones Sign's reading of the choice of forum provision, resort to the jurisdiction of the South Carolina courts is not optional.  The contract is a sufficiently clear statement of the parties' intent to vest the courts of South Carolina with exclusive jurisdiction to entertain an action relating to the subcontract.  Accordingly, the circuit court erred when it failed to give the forum selection clause effect.

---

[5] The subcontract contains a choice of law provision that requires application of South Carolina law to "matters relating to the validity, performance, or interpretation" of the subcontract.  Neither party asserts South Carolina law materially differs from Wisconsin's as relevant to our exercise of contract interpretation.

*By the Court.*—Judgment reversed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.