FITZPATRICK, J.[1]
¶1 R.H.H. appeals a grant of partial summary judgment in favor of the Jackson County Department of Human Services (the County) and orders of the Jackson County Circuit Court terminating his parental rights to N.H., A.R.H., M.H., and M.R.M.K. The circuit court found R.H.H. unfit under WIS. STAT. § 48.415(4) based on a continuing denial of visitation. R.H.H. argues that the court-ordered conditions necessary for R.H.H. to be granted visitation violated his Fifth Amendment right against self-incrimination, and that the circuit court's grant of partial summary judgment violated his due process rights. Additionally, R.H.H. argues that he did not receive the written notice required by § 48.415(4).
¶2 The constitutional issues need not be decided. Rather, I conclude that partial summary judgment should not have been granted in favor of the County because the order denying visitation did not contain the written notice required by WIS. STAT. § 48.415(4). Accordingly, the orders of the circuit court terminating R.H.H.'s parental rights to his children are reversed. Because the County can not meet its burden of proof that R.H.H. received the required written notice, on remand the circuit court shall enter partial summary judgment in favor of R.H.H. and dismiss the § 48.415(4) ground for termination of parental rights. The County may then proceed to trial on the remaining allegation in the petition to terminate parental rights or, alternatively, recommence proceedings under § 48.415(4) with the proper written notice.
BACKGROUND
¶3 The following facts are undisputed. I recount only those facts necessary to place in context R.H.H.'s argument that the written notice requirements of WIS. STAT. § 48.415(4) were not satisfied.
¶4 In February 2011, the circuit court entered child in need of protection or services (CHIPS) dispositional orders placing R.H.H.'s children outside the home. In May 2013, the County filed a request to revise the CHIPS dispositional orders to suspend telephonic contact between R.H.H. and the children. The County's request indicated that R.H.H. had been convicted of repeated sexual assault of the same child and sentenced to 30 years initial confinement and ten years extended supervision.[2] As part of the sentence in that criminal case, R.H.H. was ordered to have no contact with any persons under the age of 17, to have no contact with the victim of the crime, and to have no contact with his children when the victim was present in the home. At that time, the victim resided in the same household as R.H.H.'s children.
¶5 On June 13, 2013, the circuit court entered an order granting the County's requested revision but permitted continued telephonic contact between R.H.H. and the children pending the results of an attachment assessment. The County does not dispute that the June 13, 2013, order did not include written notice of conditions necessary for R.H.H. to be granted visitation or written notice concerning grounds to terminate parental rights.
¶6 On September 10, 2013, the circuit court entered another order granting the County's revision request and suspended all contact, including telephonic contact, between R.H.H. and the children. The order contained the written notice concerning grounds to terminate parental rights. However, the order did not contain the written notice of conditions necessary for R.H.H. to be granted visitation.
¶7 On June 20, 2016, the circuit court entered an order titled "Order Suspending Visitation and Establishing Conditions to Reinstate Visitation." The circuit court stated that "it is still in the children's best interest to suspend contact between them and [R.H.H.]." The circuit court listed six conditions for R.H.H. to satisfy prior to requesting that visitation be reinstated. But, that order did not contain the statutorily required written notice concerning grounds to terminate parental rights.
¶8 In December 2017, the County filed petitions to terminate R.H.H.'s parental rights to N.H., A.R.H., M.H., and M.R.M.K. In each petition, the County alleged as grounds for the termination both that the children are in continuing need of protection or services ("continuing CHIPS") under WIS. STAT. § 48.415(2), and that there had been a continuing denial of visitation under § 48.415(4).
¶9 In March 2018, the County filed a motion for partial summary judgment based only on the continuing denial of visitation ground under WIS. STAT. § 48.415(4). The circuit court granted partial summary judgment in favor of the County and found R.H.H. unfit.
¶10 Prior to disposition, R.H.H. filed a motion for reconsideration. The circuit court denied the motion and, after the dispositional phase was completed, entered orders terminating R.H.H.'s parental rights to his four children.
¶11 R.H.H. appeals.
DISCUSSION
¶12 R.H.H. argues that each order addressing denial of visitation failed to satisfy at least one required element of the written notice required by WIS. STAT. § 48.415(4). For the following reasons, I conclude that partial summary judgment should not have been granted in favor of the County on the continuing denial of visitation ground and, instead, partial summary judgment must be granted dismissing, without prejudice, that ground stated in the petitions.
I. Standard of Review.
¶13 This court reviews a grant of summary judgment independently, applying the same methodology as the circuit court. Oneida Cty. Dep't of Soc. Servs. v. Nicole W. , 2007 WI 30, ¶8, 299 Wis. 2d 637, 728 N.W.2d 652. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. ; WIS. STAT. § 802.08(2). "[S]ummary judgment may be employed in the grounds phase of a termination of parental rights proceeding when there is no genuine factual dispute that would preclude finding one or more of the statutory grounds by clear and convincing evidence." Nicole W. , 299 Wis. 2d 637, ¶14.
¶14 Whether the written notice requirements under WIS. STAT. § 48.415(4) were satisfied presents an issue of statutory interpretation. St. Croix Cty. DHHS v. Michael D. , 2016 WI 35, ¶15, 368 Wis. 2d 170, 880 N.W.2d 107. The interpretation of a statute is a question of law that this court reviews independently. Nicole W. , 299 Wis. 2d 637, ¶9.
II. Interpretation of Statutes.
¶15 "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.' " State ex rel. Kalal v. Circuit Court for Dane Cty. , 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (quoting Seider v. O'Connell , 2000 WI 76, ¶43, 236 Wis. 2d 211, 612 N.W.2d 659 ). This court assigns to statutory language its "common, ordinary, and accepted meaning." Id.
¶16 Context is important in the analysis, as is the structure in which the operative statutory language appears. Id. , ¶46. Accordingly, "statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." Id.
III. Termination of Parental Rights.
¶17 The Wisconsin Children's Code, WIS. STAT. ch. 48, sets out two steps during an involuntary termination of parental rights proceeding - a grounds or unfitness phase and a disposition phase. Nicole W. , 299 Wis. 2d 637, ¶11. During the grounds phase, the circuit court must "determine ... [w]hether grounds exist for the termination of parental rights." WIS. STAT. § 48.424(1)(a).
¶18 "While the legislative objective of the Children's Code is to promote the best interests of the child, the parent's rights are a court's central focus during the grounds phase" and, accordingly, the Children's Code "reflects constitutional safeguards." Nicole W. , 299 Wis. 2d 637, ¶¶11-12. Thus, "[t]he petitioner must prove the allegations [supporting grounds for termination] by clear and convincing evidence." Id. , ¶12 (alteration in original) (quoting Evelyn C. R. v. Tykila S. , 2001 WI 110, ¶22, 246 Wis. 2d 1, 629 N.W.2d 768 ); see also WIS. STAT. § 48.31(1). If the petitioner meets that burden, the circuit court must find the parent unfit and proceed to the disposition phase. Evelyn C. R. , 246 Wis. 2d 1, ¶22 ; WIS. STAT. § 48.424(4) ("If grounds ... are found ... the court shall find the parent unfit.").
¶19 WISCONSIN STAT. § 48.415 provides various grounds for an involuntary termination of parental rights including the ground at issue in this case, that there was a continuing denial of visitation. Sec. 48.415(4). Section 48.415(4) provides:
Continuing denial of periods of physical placement or visitation, which shall be established by proving all of the following:
(a) That the parent has been denied periods of physical placement by court order in an action affecting the family or has been denied visitation under an order under s. 48.345, 48.363, 48.365, 938.345, 938.363 or 938.365 containing the notice required by s. 48.356(2) or 938.356(2).
(b) That at least one year has elapsed since the order denying periods of physical placement or visitation was issued and the court has not subsequently modified its order so as to permit periods of physical placement or visitation.
Sec. 48.415(4) (emphasis added). Section 48.415(4)(a) thus requires proof of an order containing the notice required under WIS. STAT. § 48.356(2) which, in turn, has two additional requirements: (1) written notice of a warning of any potential grounds for termination of parental rights; and (2) written notice of the conditions necessary for the parent to be granted visitation. See § 48.356(1) and (2) ("[A]ny written order which ... denies visitation ... shall notify the parent" "of any grounds for termination of parental rights under [ § 48.415 ] which may be applicable and of the conditions necessary ... for the parent to be granted visitation."). Our supreme court has held that this ground for unfitness is "expressly provable by official documentary evidence, such as court orders." Steven V. v. Kelley H. , 2004 WI 47, ¶37, 39, 271 Wis. 2d 1, 678 N.W.2d 856.
IV. The Court Order Denying Visitation Did Not Contain the Required Written Notice.
¶20 The record demonstrates, and the County concedes, that the June 13, 2013, order and the June 20, 2016, order each failed to include written notice concerning grounds to terminate parental rights. Additionally, although the County points out that the September 10, 2013, order included written notice concerning grounds to terminate parental rights, the County does not dispute that the order failed to include written notice of conditions necessary for R.H.H. to be granted visitation. In sum, each of the three orders denying visitation failed to satisfy at least one of the two required elements of written notice under WIS. STAT. § 48.356(2).
¶21 As described above, in a case under WIS. STAT. § 48.415(4), one of the elements that the County must prove is that "the parent ... has been denied visitation under an order ... containing the notice required by [ WIS. STAT. § 48.356(2) ] ...." Sec. 48.415(4)(a). Because it is the County's burden to prove by clear and convincing evidence that it provided to R.H.H. the required written notice, the County is not entitled to summary judgment on the continuing denial of visitation ground. Instead, because the County can not prove the required written notice element, R.H.H. is entitled to partial summary judgment on the § 48.415(4) ground for termination. See WIS. STAT. § 802.08(6).[3]
¶22 The County makes two arguments concerning the lack of the required written notice in the orders denying visitation, and I reject each.
¶23 The County first contends that R.H.H. waived the notice argument by failing to raise it in the circuit court. However, "[t]he waiver rule is a rule of judicial administration, and as such, a reviewing court has the inherent authority to disregard a waiver and address the merits of an unpreserved issue in exceptional cases." Village of Trempealeau v. Mikrut , 2004 WI 79, ¶17, 273 Wis. 2d 76, 681 N.W.2d 190. I am aware of the need to raise issues in the circuit court, rather than for the first time on appeal, to avoid "sandbagging" of circuit judges. See State v. Matson , 2003 WI App 253, ¶42, 268 Wis. 2d 725, 674 N.W.2d 51 (Dykman, J., dissenting). But, this case involves the termination of a parent's rights to his children, and our supreme court has stated that "[p]arental rights termination adjudications are among the most consequential of judicial acts, involving as they do 'the awesome authority of the State to destroy permanently all legal recognition of the parental relationship.' " Steven V. , 271 Wis. 2d 1, ¶21 (quoting Evelyn C. R. , 246 Wis. 2d 1, ¶20 ). Because "[f]ew forms of state action are ... so severe and so irreversible," see Santosky v. Kramer , 455 U.S. 745, 759 (1982), I shall disregard R.H.H.'s failure to raise the issue in the circuit court. In addition, if this issue had been raised in the circuit court, I am confident the circuit judge would have reached the correct result.
¶24 The County next argues that the September 10, 2013, order that suspended all contact contained the written notice concerning grounds to terminate parental rights and "effectively incorporated" and "expanded" the June 13, 2013, order "to include a prohibition on telephone contact." Based on this premise, the County asserts that the June 13, 2013, order satisfied WIS. STAT. § 48.415(4). In other words, the County argues that it can bootstrap the June 13, 2013, order out of its failure to provide the required written notice using the September 10, 2013, order. The County does not develop this "incorporation" argument or cite any legal authority in support, and I need not consider it. See State v. Pettit , 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (appellate court need not consider undeveloped arguments or arguments unsupported by references to legal authority). Additionally, the County's argument ignores the fact that the September 20, 2013, order failed to include the required written notice of conditions necessary for R.H.H. to be granted visitation.
¶25 Moreover, even if the County were to develop an argument, I would reject it. The plain language of WIS. STAT. § 48.415(4) thwarts any argument that the County could develop. As described above, § 48.415(4) mandates that an order denying visitation must contain the notice required under WIS. STAT. § 48.356(2).
¶26 This conclusion is strengthened by the Wisconsin Supreme Court's interpretation of WIS. STAT. § 48.415(2) in Michael D. There, the court held that, in a continuing CHIPS termination of parental rights case under § 48.415(2), the parent whose rights are being terminated must have received written notice "at least one time." Michael D. , 368 Wis. 2d 170, ¶17. Notably, the court emphasized that the text of § 48.415(2) refers to "one or more court orders ... containing the notice required by [ WIS. STAT. § 48.356(2) ]." Id. , ¶16. In contrast, the text of § 48.415(4) which controls the result in this case refers only to "an order." Sec. 48.415(4)(a) (emphasis added). I conclude that, when considered in relation to the language of § 48.415(2) as interpreted by our supreme court in Michael D. , § 48.415(4) requires that the parent receive the notice required under § 48.356(2) in "an order" denying visitation. In other words, in a termination of parental rights case under § 48.415(4), the County can not satisfy one of the written notice requirements of § 48.356(2) in one order and later attempt to satisfy the remaining requirement with another order. The County must satisfy those requirements in "an order."
¶27 In sum, each order denying visitation in this case failed to include either the written notice of conditions necessary for R.H.H. to be granted visitation or the written notice concerning grounds to terminate parental rights. That failure is fatal to the County's allegation under WIS. STAT. § 48.415(4).
¶28 Because the County is unable to meet its burden that it provided to R.H.H. the written notice required under WIS. STAT. § 48.415(4), I reverse the circuit court's grant of partial summary judgment in favor of the County and, on remand, the circuit court shall enter partial summary judgment in favor of R.H.H. and dismiss, without prejudice, the § 48.415(4) ground for termination. The County may proceed to trial on the remaining allegation in the petition, that is, that R.H.H.'s parental rights be terminated under the continuing CHIPS ground in § 48.415(2). Alternatively, the County may recommence proceedings under § 48.415(4) by providing the required written notice in an order.[4]
CONCLUSION
¶29 For the foregoing reasons, the orders of the circuit court are vacated and the cause remanded with directions.
By the Court. -Orders reversed and cause remanded with directions.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

These appeals are decided by one judge pursuant to Wis. Stat. § 752.31(2)(e) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted. These cases were consolidated for purposes of appeal.

R.H.H.'s conviction in that case, Ashland County Case No. 11CF82, was later vacated.

Wisconsin Stat. § 802.08(6) provides that "[i]f it shall appear to the court that the party against whom a motion for summary judgment is asserted is entitled to a summary judgment, the summary judgment may be awarded to such party even though the party has not moved therefor." Sec. 802.08(6).

Because this appeal is resolved on the question of the written notice requirements under Wis. Stat. § 48.415(4), I do not reach the parties' constitutional arguments. See Sweet v. Berge , 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (if a decision on one point disposes of the appeal, an appellate court will not decide other issues raised).