TOWN OF MENASHA, Plaintiff-Respondent,

v.

Steven M. BASTIAN, Defendant-Appellant.

Court of Appeals

*No. 92–3259. Submitted on briefs June 4, 1993.—Decided June 30, 1993.*

(Also reported in 503 N.W.2d 382.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Barry S. Cohen* of Elkhart Lake.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Greg P. Curtis* of *Herrling, Clark, Hartzheim & Siddall, Ltd.* of Appleton.

Before Nettesheim, P.J., Brown and Anderson, JJ.

BROWN, J.    Steven M. Bastian appeals from a judgment convicting him of operating a motor vehicle with a prohibited blood alcohol concentration (BAC), contrary to sec. 346.63(1)(b), Stats. The issue is whether the trial court obtained subject matter jurisdiction over the BAC citation when it was dismissed by the municipal court after trial without a finding of guilt on that charge, the defendant requested a trial *de novo* only on the companion operating while intoxicated (OWI) charge of which he was found guilty, and the prosecution did not request a trial *de novo* on the BAC charge. We reverse because we conclude that the circuit court did not have jurisdiction over the BAC charge.

In May 1992, a Menasha police officer cited Bastian for operating a motor vehicle while intoxicated, operating with a prohibited blood alcohol concentration, and deviating from a designated lane. At the municipal court hearing, Bastian was found guilty of the OWI charge. The BAC and deviating from a lane charges were dismissed. The court stated:

> This Court finds the defendant again as stated guilty of operating while under the influence with

the companion charge of blood alcohol content of over .10 being dismissed and the charge of deviation from lane also a companion charge of the original OWI and was due to being under the influence and that will be dismissed.

At the end of the hearing, the following exchange took place between counsel for the town and the court:

> [Counsel]: I just have . . . I guess I was just a little unclear in your decision. He was found guilty on both the counts but dismissed him on one because you can't charge him on two, is that correct?

> [Court]: He's found guilty on the OWI. The information for blood alcohol content was taken into consideration prior to dismissing the BAC charge. So the BAC charge is dismissed and the deviation from traffic lane is dismissed as it is a OWI situation. It's due to being under the influence.

Twenty days after the municipal court decision, Bastian filed a request for a trial *de novo* on the OWI charge. The town did not appeal either of the dismissed charges. However, the circuit court ruled that a trial *de novo* necessitated a trial on all three charges. The jury found Bastian guilty of the BAC charge, but acquitted him of the OWI charge. The deviation from a designated lane charge was dismissed at the close of the town's case. Bastian appeals his BAC conviction.

"Appeals from judgments of municipal courts may be taken by either party to the circuit court of the county where the offense occurred." Section 800.14(1), Stats. A party may appeal a judgment only if he or she is aggrieved by it. *Ford Motor Credit v. Mills,* 142 Wis. 2d 215, 217, 418 N.W.2d 14, 15 (Ct. App. 1987). A party must be "adversely affected in some appreciable man-

ner" before he or she may appeal. *State ex rel. Opelt v. Crisp,* 81 Wis. 2d 106, 113, 260 N.W.2d 25, 28 (1977).

In this case, the dispute over jurisdiction centers upon who was aggrieved by the municipal court's judgment. Clearly, Bastian was aggrieved by his conviction on the OWI. However, he was not aggrieved by the dismissal of the other charges. Therefore, he could not and presumably would not want to appeal that part of the judgment dismissing the BAC charge. Two questions remain: was the town aggrieved by the BAC charge dismissal and, if so, was it obligated to bring an appeal in order for the circuit court to acquire jurisdiction over the charge?

■
The statutes controlling OWI and BAC charges make this situation unique. According to sec. 346.63(1)(c), Stats., a person may be charged with both OWI and operating with a prohibited BAC for acts arising out of the same occurrence. If both violations are charged, the offenses are joined. *Id.* If the defendant "is *found guilty* of both [OWI] and [operating with a prohibited BAC] for acts arising out of the same incident or occurrence, there shall be a single conviction for purposes of sentencing." *Id.* (emphasis added). In other words, the defendant is to be sentenced on one of the charges, and the other charge is to be dismissed.

In this case, the municipal court dismissed the BAC charge *without finding Bastian guilty on that charge.* The court found him "guilty of operating while under the influence with the companion charge of blood alcohol content of over .10 being dismissed." When asked by the town's counsel for clarification, the court reiterated that the finding of guilt was for the OWI. Again, the court did not state in the record that Bastian was guilty of the BAC charge.

We cannot construe the municipal judge's action as a finding of guilt on the BAC charge. The judge was pointedly asked whether he was finding guilt, but avoided making that finding. Therefore, because the municipal court did not find guilt, the dismissal of the BAC charge was the functional equivalent of an acquittal. *See State v. Turley*, 128 Wis. 2d 39, 50–51, 381 N.W.2d 309, 314–15 (1986). The BAC dismissal aggrieved the town, and it was the town's obligation to appeal if it wanted a review of the municipal court's decision.

The town asserts that it could not have appealed the BAC charge because it was not aggrieved by the municipal court judgment. The town argues that the maximum sentence was imposed for the OWI conviction, and that no additional sentence could have been imposed if the court had found Bastian guilty of the BAC charge. That assertion may be true. However, it is irrelevant to our decision. The town was aggrieved by the lack of a finding of guilt on the BAC charge, regardless of whether any additional conviction and sentence could be imposed. The circuit court could obtain subject matter jurisdiction over the BAC charge only if the party aggrieved by that part of the judgment appealed it. The town was aggrieved and did not appeal. The BAC charge was therefore not properly before the court and should not have been tried *de novo*. We therefore disagree with the trial court's implicit holding that *de novo* review from a municipal court means review of all citations regardless of who was aggrieved by the municipal court judgment.

Finally, the town argues that

shrewd defense attorneys have the ability to wait until the 20th day to appeal a conviction without allowing the municipal attorney sufficient notice to respond in kind. To interpret Section 800.14 Wis. Stats. to require the municipality to appeal either a BAC or OWI citation in the event one of the citations are dismissed, would encourage sharp practices amongst defense attorneys.

We do not share the town's concern.

This situation could be avoided by explaining the ramifications to the municipal court if it fails to make specific findings of guilt as to both charges in OWI/BAC cases. If the municipal court refuses to find guilt on both charges, the municipality is on notice and should take a protective appeal. If the defendant does not take an appeal, the municipality can always move to dismiss its appeal. Based upon this discussion, we hold that the circuit court did not have subject matter jurisdiction over the BAC charge against Bastian. We therefore reverse the judgment.

*By the Court.*—Judgment reversed.