COURT OF APPEALS
DECISION
DATED AND FILED

August 31, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2020AP60**

**STATE OF WISCONSIN**

Cir. Ct. No. 2019CV106

**IN COURT OF APPEALS
DISTRICT III**

CITY OF WAUSAU,

    PLAINTIFF-RESPONDENT,

V.

DANIELLE RAE FISCHER,

    DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Marathon County: GREGORY J. STRASSER, Judge. *Affirmed*.

¶1 STARK, P.J.[1] Danielle Fischer appeals an order denying her WIS. STAT. § 806.07 motion for relief from a prior circuit court order. For the reasons explained below, we conclude the circuit court did not erroneously exercise its

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

discretion by denying Fischer's § 806.07 motion. We also reject Fischer's argument that she was improperly forced to pay for an unnecessary hearing transcript, as she has not shown that she properly preserved that issue for appeal. We therefore affirm.

## BACKGROUND

¶2 Fischer was cited for first-offense operating a motor vehicle while intoxicated (OWI), contrary to WIS. STAT. § 346.63(1)(a), as adopted by the City of Wausau Municipal Code. *See* WAUSAU, WIS., CODE § 10.01.010 (2021). She was also issued a notice of intent to revoke her operating privilege under WIS. STAT. § 343.305(9)(a) for refusing to submit to an evidentiary chemical test of her blood upon request by a law enforcement officer. Fischer timely requested a refusal hearing, and proceedings regarding both the OWI citation and the refusal were assigned a single case number in the City of Wausau Municipal Court.

¶3 Both the refusal hearing and a trial on the OWI citation were ultimately scheduled to take place on January 16, 2019. However, at the beginning of the January 16 hearing, Fischer entered a guilty plea to the OWI citation. She then moved to dismiss the refusal charge based on her plea to the associated OWI charge, pursuant to *State v. Brooks*, 113 Wis. 2d 347, 335 N.W.2d 354 (1983).[2] The municipal court concluded that before it could exercise its

---

[2] In *State v. Brooks*, 113 Wis. 2d 347, 348-49, 335 N.W.2d 354 (1983), our supreme court determined that a circuit court had properly exercised its discretion by dismissing a refusal charge against a defendant who had already pled guilty to the underlying OWI charge. The court reasoned that Wisconsin's implied consent law "is designed to induce persons to submit to an alcohol test to expedite securing evidence to determine whether or not a suspected person is intoxicated to a degree warranting" an OWI charge, but if the suspected person subsequently pleads guilty to an OWI charge, "there no longer remains a need for penalties for failure to submit to a test which has become unnecessary in the particular case." *Id.*

discretion under **Brooks**, it needed to "have some facts" regarding Fischer's alleged refusal. Fischer then stipulated that there was a proper basis for the stop of her vehicle and for her arrest, and that the officer read her the "Informing the Accused" form. According to Fischer, the only disputed issue was "whether or not this actually was a refusal."

¶4      After hearing evidence on that issue and arguments by the parties, the municipal court found that Fischer had improperly refused to submit to a chemical test of her blood. However, based on **Brooks**, the court stated that it would exercise its discretion to dismiss the refusal charge. As penalties for the OWI violation, the court imposed a $911 fine, revoked Fischer's operating privilege for seven months, and ordered the installation of an ignition interlock device (IID) on her vehicle for a period of one year. The court expressly stated that it was imposing the IID requirement "at the OWI level," rather than as a penalty for the refusal charge, which the court had dismissed.

¶5      Fischer subsequently filed a notice of appeal asking the Marathon County Circuit Court to conduct a "transcript review" of the municipal court's decision. *See* WIS. STAT. § 800.14(4)-(5). Ten days later, Fischer filed a motion asking the circuit court to delete the IID requirement from the municipal court's judgment. Fischer argued that under WIS. STAT. § 343.301, the municipal court could order an IID only if Fischer: (1) had a blood alcohol concentration (BAC) above 0.15; (2) had one or more prior OWI convictions; or (3) improperly refused to submit to a blood test and was "convicted of refusal under [WIS. STAT. §] 343.305." Fischer noted that the State had not presented any evidence as to her BAC, and that it was undisputed she did not have any prior OWI convictions. Fischer further observed that the municipal court had exercised its discretion to

3

dismiss the refusal charge under *Brooks*. Fischer therefore asserted that the court had no basis to order an IID.

¶6 On June 17, 2019, the circuit court issued a written decision and order denying Fischer's motion to delete the IID requirement from the municipal court's judgment and dismissing her appeal. The court agreed with Fischer that the City of Wausau had not proved either that her BAC was over 0.15 at the time of driving or that she had any prior OWI convictions. The court concluded, however, that WIS. STAT. § 343.301(1g)(a)1. required the municipal court to order installation of an IID if it found that Fischer had improperly refused to take a test under WIS. STAT. § 343.305, regardless of whether the municipal court ultimately exercised its discretion to dismiss the refusal charge. The court then reviewed the transcript of the refusal hearing and determined the evidence supported the municipal court's finding that Fischer had improperly refused to take a test under § 343.305. The court therefore concluded that the municipal court had properly imposed the IID requirement, even though it had exercised its discretion to dismiss the refusal charge.

¶7 Fischer moved for reconsideration, arguing a mere finding of an improper refusal was an insufficient basis to order an IID in a case where the underlying refusal charge was dismissed and, as a result, the defendant's operating privilege was not revoked under WIS. STAT. § 343.305(10). She relied on § 343.305(10m), which states that the "requirements and procedures for installation of an ignition interlock device under s. 343.301 apply when an operating privilege is revoked under sub. (10)."

¶8 The circuit court denied Fischer's reconsideration motion in an August 14, 2019 order. The court concluded that after the municipal court found

4

that Fischer had improperly refused a blood test, the municipal court was required to revoke her operating privilege under WIS. STAT. § 343.305(10). Consequently, the court held that the municipal court had erroneously exercised its discretion by failing to revoke Fischer's operating privilege under that subsection and by instead dismissing the refusal charge.[3] The court noted, however, that the municipal court had made all of the findings necessary to revoke Fischer's operating privilege under § 343.305(10). The court therefore reasoned that "while the municipal court did not follow the statutory revocation mandate set forth above, the resulting IID order it did impose was in compliance with the same." The court concluded:

> In the end, the municipal court muddied the waters by wrongly exercising discretion in failing to link its finding on the refusal action to its IID order. However, the confusion was caused by an assertion that the municipal court could hold a refusal hearing, find against the defendant, and then still dismiss the refusal action. The statute plainly dictates otherwise.

¶9 Three months later, on November 14, 2019, Fischer filed a motion for relief from the circuit court's prior order under WIS. STAT. § 806.07. Fischer took issue with the circuit court's conclusion in its order denying reconsideration that the municipal court had improperly dismissed the refusal charge. She asserted the circuit court "seem[ed] to have forgotten that it did not have jurisdiction over the refusal anymore." Specifically, Fischer asserted that under *Town of Menasha v. Bastian*, 178 Wis. 2d 191, 503 N.W.2d 382 (Ct. App. 1993), the court had no jurisdiction to address the dismissal of the refusal charge because the City had not

---

[3] Although the municipal court revoked Fischer's operating privilege for a period of seven months as a sanction for her OWI violation, it is undisputed that the court did not revoke her operating privilege under WIS. STAT. § 343.305(10). Had the revocation occurred under that subsection, the municipal court would have been required to revoke Fischer's operating privilege for a period of one year. *See* § 343.305(10)(b)2.

5

appealed the dismissal, and the court's "decision to readdress [the] dismissal" was therefore "void." Fischer's motion did not specifically cite any paragraph or paragraphs of § 806.07(1) under which she was seeking relief.

¶10 The circuit court denied Fischer's WIS. STAT. § 806.07 motion in a letter dated November 21, 2019. The court noted that the motion was not filed until five months after the court had entered its June 17, 2019 final order denying Fischer's motion to delete the IID requirement. The court also noted that Fischer's motion did not cite any "specific basis" for granting relief under § 806.07. The court explained:

> As best as the court can determine, the motion is based upon an assertion that the court dismissed a refusal charge since the motion states, "However, the Court seems to have forgotten that it did not have jurisdiction over the refusal anymore ..." The court struggles to understand what this means, or how it applies, because it never entered an order related to a refusal charge.

The court ultimately stated that it was denying Fischer's motion because she had failed to establish "how … § 806.07 applies and why it took five months to bring the motion."

¶11 Fischer filed a notice of appeal from the circuit court's November 21, 2019 decision denying her WIS. STAT. § 806.07 motion. The City moved to dismiss the appeal for lack of jurisdiction, arguing that Fischer's notice of appeal was not timely filed with respect to the circuit court's June 17, 2019 final order, its August 14, 2019 order denying reconsideration, or its November 21, 2019 order denying relief under § 806.07.

¶12 In an order dated February 26, 2020, we agreed with the City that Fischer's appeal was untimely as to the June 17 and August 14 orders. We

concluded, however, that the notice of appeal sought review only of the November 21 order denying relief under WIS. STAT. § 806.07. We further concluded that the notice of appeal was timely as to that order because it was filed within ninety days after the order was entered. We therefore held that the notice of appeal "provides this court with jurisdiction to consider whether the circuit court properly determined there were no grounds to reopen the matter under … § 806.07." We cautioned, however, that the scope of the appeal was "limited to that issue" and did not include issues decided by the court's June 17 and August 14 orders.

## DISCUSSION

¶13 Whether to grant relief under WIS. STAT. § 806.07 is within the circuit court's discretion, and we will not reverse unless the court erroneously exercised its discretion. *See Sukala v. Heritage Mut. Ins. Co.*, 2005 WI 83, ¶8, 282 Wis. 2d 46, 698 N.W.2d 610. A court properly exercises its discretion when it employs a process of reasoning based on the facts of record and reaches a conclusion based on the application of the correct legal standard. *Id.* We will not reverse a discretionary determination "if the record shows that discretion was in fact exercised and we can perceive a reasonable basis for the court's decision." *Id.* (citation omitted). Because the exercise of discretion is so essential to the circuit court's functioning, we generally look for reasons to sustain discretionary determinations. *Id.*

¶14 WISCONSIN STAT. § 806.07(1) sets forth eight grounds on which a circuit court may relieve a party from a prior judgment, order, or stipulation. On appeal, Fischer argues that the circuit court should have granted her relief under § 806.07(1)(d), which permits a court to grant relief when a judgment "is void."

7

Alternatively, Fischer contends the court should have granted her relief under § 806.07(1)(h)—a "catch-all" provision that applies when there are "any other reasons justifying relief." *See Sukala*, 282 Wis. 2d 46, ¶9. In response, the City asserts Fischer cannot now claim that the court erroneously exercised its discretion by failing to grant her relief under either para. (1)(d) or (1)(h) because her motion did not specifically seek relief under either of those paragraphs.

¶15 The City is correct that Fischer's WIS. STAT. § 806.07 motion did not specifically cite either para. (1)(d) or (1)(h). Fischer argues, however, that the allegations in her motion were sufficient to put the circuit court on notice that she was seeking relief under para. (1)(d). As noted above, Fischer's motion asserted that in its order denying reconsideration, the circuit court had erred by concluding that the municipal court had improperly dismissed the refusal charge. Fischer asserted that, under *Bastian*, the circuit court had no jurisdiction to address the municipal court's decision to dismiss the refusal charge because the City had not appealed that decision. Fischer therefore asserted that the circuit court's "decision to readdress [the] dismissal" was "void." We agree with Fischer that these allegations should have reasonably informed the circuit court that she was seeking relief under para. (1)(d), even though she did not specifically cite that paragraph.

¶16 Nevertheless, we ultimately agree with the City that the circuit court did not erroneously exercise its discretion by declining to grant Fischer relief under WIS. STAT. § 806.07(1)(d). Fischer relies on *Bastian*, in which the defendant was cited for both OWI and operating with a prohibited alcohol concentration (PAC). *Bastian*, 178 Wis. 2d at 193. On appeal from Bastian's conviction on the PAC charge, we considered whether the circuit court had "subject matter jurisdiction" over the that charge, even though: (1) a municipal court had previously dismissed the PAC charge after trial without a finding of

8

guilt; (2) on appeal to the circuit court, Bastian had requested a new trial only on the OWI charge; and (3) the Town of Menasha did not request a new trial on the PAC charge. *Id.* We concluded that under those circumstances, the circuit court lacked subject matter jurisdiction over the PAC charge because the party aggrieved by the dismissal of the PAC charge—i.e., the town—had failed to appeal that decision. *Id.* at 196.

¶17 Fischer argues that, under *Bastian*, the circuit court lacked subject matter jurisdiction to address the municipal court's decision to dismiss the refusal charge because the City did not appeal that decision. "A judgment is void if the court rendering it lacked subject matter jurisdiction." *State ex rel. R.G. v. W.M.B.*, 159 Wis. 2d 662, 666, 465 N.W.2d 221 (Ct. App. 1990). Accordingly, Fischer asserts that the circuit court's decision that the municipal court improperly dismissed the refusal charge is void, and she is therefore entitled to relief from the court's order under WIS. STAT. § 806.07(1)(d).

¶18 Fischer's argument fails because, since *Bastian* was decided, our supreme court has reiterated that in Wisconsin, "no circuit court is without subject matter jurisdiction to entertain actions of any nature whatsoever." *Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶8, 273 Wis. 2d 76, 681 N.W.2d 190 (citation omitted). Although a circuit court's failure to comply with statutory mandates for invoking its subject matter jurisdiction may result in the court losing competency to exercise its subject matter jurisdiction in a particular case, a defect of competency is not jurisdictional "and does not result in a void judgment." *Id.*, ¶¶9, 34. Thus, assuming without deciding that absent an appeal by the City, the circuit court could not consider whether the municipal court properly dismissed Fischer's refusal charge, we nevertheless reject Fischer's assertions that the circuit court lacked subject matter jurisdiction to address that issue, and that its order

stating the dismissal was improper is therefore void. As such, the court did not erroneously exercise its discretion by declining to grant Fischer relief under WIS. STAT. § 806.07(1)(d).

¶19 Fischer has also failed to show that she was entitled to relief under WIS. STAT. § 806.07(1)(h). "A litigant must raise an issue with sufficient prominence such that the [circuit] court understands that it is being called upon to make a ruling." *Bishop v. City of Burlington*, 2001 WI App 154, ¶8, 246 Wis. 2d 879, 631 N.W.2d 656. As noted above, Fischer did not specifically cite para. (1)(h) in her motion for relief from the circuit court's prior order. In addition, none of the allegations in her motion would have reasonably informed the court that she was seeking relief under that paragraph. Under these circumstances, Fischer cannot now complain that the court erred by failing to grant her relief under para. (1)(h).

¶20 Moreover, Fischer has failed to develop any argument—either in the circuit court or on appeal—as to why WIS. STAT. § 806.07(1)(h) is applicable in this case. A court appropriately grants relief under § 806.07(1)(h) "when extraordinary circumstances are present justifying relief in the interest of justice." *Miller v. Hanover Ins. Co.*, 2010 WI 75, ¶35, 326 Wis. 2d 640, 785 N.W.2d 493. Extraordinary circumstances exist where the sanctity of the final judgment is outweighed by "the incessant command of the court's conscience that justice be done in light of all the facts." *Id.* (citation and emphasis omitted). The party seeking relief bears the burden to prove that extraordinary circumstances are present. *Id.*, ¶34. Fischer's § 806.07 motion did not identify any extraordinary circumstances warranting relief from the circuit court's prior order, nor has she identified such extraordinary circumstances on appeal.

¶21    We also observe that a motion for relief under WIS. STAT. § 806.07(1)(h) must be made "within a reasonable time." *See* § 806.07(2).  The circuit court implicitly determined that Fischer's § 806.07 motion was not filed within a reasonable time, as Fischer had failed to show "why it took five months to bring the motion."  On appeal, Fischer asserts that her motion was timely because it was filed within one year of the circuit court's underlying decision, but she cites no legal authority in support of that proposition.  Section 806.07(2) provides that a motion filed under para. (1)(a) or (1)(c) must be filed "not more than one year after the judgment was entered or the order or stipulation was made."  However, the legislature's decision to require that motions under paras. (1)(a) and (1)(c) be filed within one year of the underlying decision does not compel a conclusion that a motion under para. (1)(h) is necessarily timely if filed within one year.  Fischer does not explain why, under the circumstances of this case, the circuit court erroneously exercised its discretion by determining that her § 806.07 motion was untimely.[4]

¶22    Finally, Fischer argues that she should not have been required to pay for the preparation of a transcript of the refusal hearing.  Fischer has not shown, however, that she properly preserved that issue for appeal.  Issues raised for the first time on appeal are generally deemed forfeited.  *Tatera v. FMC Corp.*, 2010 WI 90, ¶19 n.16, 328 Wis. 2d 320, 786 N.W.2d 810.  "The burden is upon the party alleging error to establish by reference to the record that an error was

---

[4] Our discussion of the "reasonable time" requirement in WIS. STAT. § 806.07(2) applies only to the extent that Fischer sought relief under § 806.07(1)(h).  As the City correctly concedes, the "reasonable time" requirement does not apply to motions to vacate void judgments filed under § 806.07(1)(d).  *See Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶34, 273 Wis. 2d 76, 681 N.W.2d 190.  We have already concluded for other reasons, however, that the circuit court did not erroneously exercise its discretion by declining to grant Fischer relief under § 806.07(1)(d).

11

specifically called to the attention of the [circuit] court." ***Terpstra v. Soiltest, Inc.***, 63 Wis. 2d 585, 594, 218 N.W.2d 129 (1974).

¶23    Here, while Fischer asserts that she "did raise an objection to the transcript being created when the transcript was only for the refusal which was dismissed and not appealed," she does not cite any portion of the appellate record in support of that assertion.  In addition, we clarified in our February 26, 2020 order that the scope of this appeal was limited to whether the circuit court properly denied Fischer's WIS. STAT. § 806.07 motion.  Fischer's § 806.07 motion did not raise any argument regarding improper payment of transcript fees.  We therefore decline to address that issue.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.